# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FELTON MATTHEWS,                   )
                                   )   3:07-cv-00565-ECR-VPC
    Plaintiff,                     )
                                   )
  vs.                              )   **REPORT AND RECOMMENDATION**
                                   )   **OF U.S. MAGISTRATE JUDGE**
                                   )
LINDA BUCK, *et al*.,              )
                                   )   January 29, 2009
    Defendants.                    )
_____)

       This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., United States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court is defendants' motion for summary judgment (#66).  Plaintiff opposed (#70 and #71 (*errata*)) and filed a motion to strike the motion for summary judgment (#68) and a motion for "leave to supplement motion to strike w/opposition for extention (sic) of time to produce discovery; FRCP Rule 15 (supplement enclosed/exhibits A-B attached)" (#69).  Defendants replied to all of plaintiff's motions (#72).  Plaintiff then moved for leave to file a response to defendants' reply (#73), and defendants moved to strike this motion (#74).  Plaintiff opposed the motion to strike (#76).  Plaintiff also filed a "notice of exhaustion & request for dismissal of summary judgment proceedings" (#80).[1]  The court has thoroughly reviewed the record and the motions and recommends that defendants' motion for summary judgment (#66) and motion to strike (#74) be granted, and plaintiff's motion to strike (#68), motion for leave to supplement his motion to strike (#69), and motion for leave to file a response to defendants' reply (#73) be denied.

---

[1] Additionally, plaintiff filed a document styled "plaintiff's reply to state's opposition to plaintiff's FRCP Rule 59b and 60b action (Request for ADEPA (sic) Relief)" (#81).  Although plaintiff wrote the case number for the instant action, this reply is not related in any way to plaintiff's claims in this case; it appears to be related to a Habeas action.  Therefore, the court strikes this document.

# I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Felton L. Matthews ("plaintiff"), a *pro se* prisoner, is currently incarcerated by the Nevada Department of Corrections ("NDOC") at Ely State Prison ("ESP") (#16). Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his First Amendment right to freedom from retaliation and his Fifth Amendment right against double jeopardy, while he was incarcerated at Lovelock Correctional Center ("LCC") (#15). Plaintiff names as defendants Linda Buck, correctional officer at LCC, Terry Lindberg, supervisor of unit 3B at LCC, Jack Palmer, LCC warden, and Howard Skolnik, director of NDOC. *Id*.

Plaintiff's complaint includes three counts. In count I, plaintiff alleges that defendants issued a false notice of charges against him in retaliation for writing a grievance against defendant Buck. *Id*. p. 4. In count II, plaintiff claims that defendants intercepted a kite he sent to LCC warden, Jack Palmer, tampered with his mail, and commenced an investigation based on false charges against him in retaliation for writing a grievance against defendant Buck. *Id*. p. 5-6. In count III, plaintiff contends that defendants violated his Fifth Amendment right against double jeopardy by recharging him with a disciplinary action after previously charging him with lesser included offenses. *Id*. p. 7.

The court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

# II. DISCUSSION & ANALYSIS

**A.    Discussion**

    **1.    Summary Judgment Standard**

Summary judgment allows courts to avoid unnecessary trials where no material factual disputes exist. *Northwest Motorcycle Ass'n v. U.S. Dept. of Agriculture*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court grants summary judgment if no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In deciding whether to grant summary judgment, the court must view all evidence and any

inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). In inmate cases, the courts must

> [d]istinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 526, 126 S.Ct. 2572, 2576 (2006). Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The moving party bears the burden of informing the court of the basis for its motion, and submitting evidence which demonstrates the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson*, 477 U.S. at 248. Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

### 2.     **Failure to Exhaust Administrative Remedies**

The Prison Litigation Reform Act of 1996 (the "PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2002).

Although once within the discretion of the district court, the exhaustion of administrative remedies is now mandatory. *Booth v. C.O. Churner*, 532 U.S. 731 (2001). Those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter v. Nussle*, 534

3

1  U.S. 516, 524 (2002), citing *Booth*, 532 U.S. at 739-40, n.5. Even when the prisoner seeks
2  remedies not available in the administrative proceedings, notably money damages, exhaustion is
3  still required prior to filing suit. *Booth*, 532 U.S. at 741. Recent case law demonstrates that the
4  Supreme Court has strictly construed section 1997e(a). *Id.* at 741, n.6 ("[w]e will not read futility
5  or other exceptions into statutory exhaustion requirements where Congress has provided
6  otherwise").

7  All administrative remedies must be exhausted before the action is "brought" by a prisoner.
8  In *Vaden v. Summerhill*, the Ninth Circuit adopted the Seventh Circuit rule that "an action is
9  'brought' for purposes of § 1997e(a) when the complaint is tendered to the district clerk." 449
10 F.3d 1047, 1050 (9th Cir. 2006). Additionally, the court must dismiss if exhaustion requirements
11 are not met when the suit is brought, "even if the plaintiff exhausts his administrative remedies
12 while the litigation is pending." *Id.*

13 Failure to exhaust is an affirmative defense under the PLRA rather than a jurisdictional
14 requirement. As such, inmates are not required to specifically plead or demonstrate exhaustion
15 in their complaints. *Jones*, 127 S.Ct. at 921. Rather, it is the defendant's responsibility to raise
16 failure to exhaust as an affirmative defense.

17 **3.   NDOC Grievance Procedure**

18 The NDOC grievance procedure is governed by A.R. 740 (#66, exh. A). In order to
19 exhaust available remedies, A.R. 740 requires as follows: (1) an informal review process; (2) a
20 first level formal grievance appealing the informal grievance decision to the warden; and (3) a
21 second level grievance, which is decided by the Assistant Director of Operations. *Id*. A.R. 740
22 requires NDOC officials to respond at each grievance level within a specified time period,
23 beginning from the date of receipt of the inmate's grievance. *Id*. Inmates are given six months to
24 file an informal grievance when the claims involve personal property damage or loss, personal
25 injury, medical claims or any other torts claims. *Id*., p. 14. Plaintiff then has five days after the
26 return of a decision based on the level of review to appeal the decision. *Id.*

27 **B.   Analysis**

28 Defendants argue that plaintiff has not exhausted his administrative remedies with respect

4

1   to any of the three counts in his complaint (#66). Plaintiff has filed a host of grievances on issues
2   related to his claims; however, plaintiff has not filed a second level grievance with regard to any
3   of the allegations in his complaint. *Id*. p. 3-5. In response to the motion for summary judgment,
4   plaintiff filed four documents. Two are entitled as a motion to strike and a supplement to the
5   motion to strike, the third as plaintiff's response to defendants' motion for summary judgment,
6   and the last as errata to his response (#68, 69, 70, 71). However, all raise arguments in opposition
7   to the motion for summary judgment. *Id*. Plaintiff argues that he was not required to exhaust his
8   administrative remedies and that he did exhaust his administrative remedies as prescribed under
9   AR 707 and 740 (#70). Defendants reply that exhaustion of administrative remedies is mandatory
10  under AR 740 and that plaintiff is obligated to exhaust even if exhaustion is futile (#72, p. 2-3).
11  Further, plaintiff is required to exhaust administrative remedies using the procedure prescribed
12  by AR 740, and thus cannot exhaust by "re-litigating [an] issue in a separate second level
13  grievance" filed six months after the first level grievance. Nor can he exhaust by filing grievances
14  after he commenced this action. *Id*. p. 4. Defendants also contend that plaintiff did not exhaust
15  under AR 707 by filing only a first level grievance. *Id*. p. 5.

16              **1.      Plaintiff's motion for leave to file a response to defendants' reply (#73)**

17  After defendants filed their reply (#72), plaintiff requested the court grant him permission
18  to file a response to their reply (#73). However, plaintiff included arguments against the reply in
19  his motion. *Id*. Defendants moved to strike this motion (#74), and plaintiff opposed (#76). Local
20  Rule 7-2 does not allow a party to file any response to a reply without leave of the court.
21  Although plaintiff titled his motion as a request for leave to file an additional response, he
22  included arguments against the motion for summary judgment; therefore, he effectively filed a
23  response without leave of the court. Plaintiff had an opportunity to make his arguments against
24  summary judgment in the four documents he previously filed. Therefore, plaintiff's motion for
25  leave and motion supplementing reply to defendants' motion for summary judgment (#73) is
26  **DENIED** and plaintiff's motion to strike (#74) is **GRANTED**.

27              **2.      Exhaustion of Administrative Remedies**

28  Before filing a complaint, a prisoner must fully and properly exhaust his administrative

5

1  remedies under AR 740. Under the PLRA, a court does not have discretion to overlook the failure
2  to exhaust; rather, exhaustion of administrative remedies is mandatory. *Booth v. C.O. Churner*,
3  532 U.S. 731 (2001). Defendants have presented evidence that plaintiff failed to exhaust. They
4  include all of plaintiff's grievances on the issues brought in plaintiff's complaint, and demonstrate
5  that plaintiff filed no second level grievances (#66, exh. B-I). Plaintiff does not directly dispute
6  the validity of defendants' exhibits; however, he raises multiple arguments as to why he was not
7  obligated to exhaust or that he exhausted using a method set out by AR 707 rather than that
8  contained in AR 740.

9  **(a)  Obligation to Exhaust**

10  Plaintiff raises numerous arguments as to why he was not obligated to exhaust his
11  administrative remedies. First, plaintiff claims that it would have been futile to exhaust because
12  he had already served thirty days in segregation and had lost privileges. However, plaintiff is
13  obligated to exhaust regardless of whether he considers it futile, or the remedies he seeks are
14  unavailable through administrative proceedings. The Supreme Court has made it clear that it "will
15  not read futility or other exceptions into statutory exhaustion requirements where Congress has
16  provided otherwise," such as in the PLRA. *Booth*, 532 U.S. at 741, n. 6. Therefore, the court
17  rejects plaintiff's futility argument.

18  Second, plaintiff claims that he was not required to pursue a grievance to the second level
19  because the relief he was seeking was granted at his disciplinary hearing and at his first level
20  grievance (#70, p. 2). The court does not fully understand this argument as it would appear
21  unnecessary for plaintiff to file suit in this court if the relief he sought was granted during the
22  grievance process. In any event, as stated previously, exhaustion is mandatory regardless of
23  whether the relief plaintiff seeks was unavailable through the administrative process or whether
24  exhaustion was futile. *Booth*, 532 U.S. at 741.

25  Third, plaintiff argues that it was impossible for him to exhaust within the required ten
26  day time period because he was charged twice (#69, p. 2). He states that he would have had to
27  prevail on both notice of charges hearings before he could seek damages. He claims to base this
28  argument on *Heck v. Humphrey*, although this appears to be another futility argument. *Id. Heck*

6

1  *v. Humphrey* precludes a court from deciding a claim for damages under Section 1983 where "a
2  judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or
3  sentence." 512 U.S. 477, 486-87 (1994). A judgment in favor of plaintiff in this case would have
4  no effect on, and would not invalidate, plaintiff's underlying criminal conviction. Therefore, *Heck*
5  *v. Humphrey* is inapplicable, and does not relieve plaintiff of his obligation to exhaust.

6         **(b)**     **AR 740 and AR 707**

7        Plaintiff next contends that he has fully exhausted because AR 707 requires a prisoner to
8  appeal only with a first rather than second level grievance (#70, p. 3, #69, p. 4). Plaintiff states
9  that because he was grieving a disciplinary action, he needed to exhaust under AR 707 rather than
10 AR 740. Plaintiff asserts that "AR 707 exhaustion terminates at the 1st level, not the <u>second!</u>" and
11 that "AR 707 clearly states that an inmate may file <u>one</u> appeal to the warden. <u>It does not say</u> that
12 a second level needs to be filed to the Director, or that inmates need to file an appeal for
13 dismissed N.O.C. charges in his (sic) favor. This issue is exhausted!" *Id*. AR 707 states:
14 "Following a finding of guilt an inmate shall be advised that they may submit <u>one</u> appeal to the
15 Warden using the inmate grievance processes outlined in AR 740." AR 707 § 1.5.1 (#72, exh. A).
16 Plaintiff misunderstands the meaning of this section. It does not create a separate exhaustion
17 procedure than that set out in AR 740. Rather, it allows prisoners to grieve any disciplinary action
18 taken against them using the grievance process in AR 740. Therefore, a prisoner must still file
19 three levels of grievance to exhaust any objection to a disciplinary decision. *See* AR 740.02 § 1.1
20 (#66, exh. A). The use of the word one in AR 707 does not change the AR 740 requirements. It
21 merely alerts prisoners that they may only file one informal, first level, and second level grievance
22 per issue, and that they should not re-grieve a disciplinary decision. Plaintiff was required to
23 appeal his grievance to the second level to comply with AR 740. Plaintiff did not exhaust because
24 he never filed a second level grievance.

25         **(c)**     **Plaintiff's Grievances**

26      Plaintiff makes numerous arguments that he fully exhausted because he filed multiple
27 grievances regarding the issues contained in his complaint within a six month window (#68, p.
28 2, #70, p. 3). Plaintiff also asserts that even if he did not exhaust before he filed suit, he has

1  exhausted since this action has been pending (#69, p. 5 ("If damages must be grieved, <u>which they</u>
2  <u>should not be</u> under federal exhaustion rules, they will exhaust in <u>90 days</u> long before this court
3  even rules on the defendants' motion for summary judgment."), #80, p. 1 ("Notice of
4  Exhaustion," informing the court that three grievances have "reached the second level and will
5  end on our about 12-26-08.")).

6         Initially, the court disagrees with plaintiff that he can exhaust while this action is pending
7  (#80). All administrative remedies must be exhausted *before* the action is "brought" by a prisoner.
8  In *Vaden v. Summerhill*, the Ninth Circuit adopted the Seventh Circuit rule that "an action is
9  'brought' for purposes of § 1997e(a) when the complaint is tendered to the district clerk." 449
10 F.3d 1047, 1050 (9th Cir. 2006). Additionally, the court must dismiss if exhaustion requirements
11 are not met when the suit is brought, "even if the plaintiff exhausts his administrative remedies
12 while the litigation is pending." *Id.* Therefore, even if plaintiff has exhausted his administrative
13 remedies as to the three grievances mentioned in the "Notice of Exhaustion" (#80), plaintiff
14 nonetheless failed to complete the grievance process before commencing the instant action. As
15 such, he failed to exhaust his administrative remedies as mandated by the PLRA.

16        Additionally, plaintiff claims that he fully exhausted because he "attacked the G-9 under
17 a 1st level grievance on 10-24-08 2006-26-47955 & a 2nd level grievance 2006-27-00247 for 4-25-
18 08. All denied." Defendants argue that this is not proper exhaustion (#72, p. 4), and the court
19 agrees. By filing a second level grievance six months after he filed his first level grievance,
20 plaintiff failed to comply with the time limits set forth in AR 740 § 1.3.4 (#66, exh. A). Plaintiff
21 was required to file an appeal within five days of receiving a response to his first level grievance.
22 Therefore, plaintiff's actions did not serve to properly exhaust his administrative remedies.

23        Plaintiff also contends that he exhausted his administrative remedies in grievance number
24 2006-27-00247 (#71, exh. A). Defendants assert that plaintiff did not exhaust with this grievance
25 because it "did not involve any of the claims or allegations before the court in the instant action.
26 It may go to show Plaintiff exhausted his administrative grievances on claims that he has made
27 in other lawsuits, but it has no relevancy to the claims present in *this* lawsuit" (#72, p. 6). First,
28 the grievance that plaintiff attaches appears to be at the informal level. Therefore, it is not

evidence of full exhaustion (#71, exh. A). Second, the issues presented in this grievance are unrelated to the instant action. They appear to be related to other suits plaintiff has filed regarding his transfer to ESP. Those issues are not before the court. Therefore, even if plaintiff did exhaust this grievance, he presents no evidence that he exhausted the issues presented in this case. Defendants submit evidence that plaintiff failed to exhaust his administrative remedies before filing suit. Plaintiff presents no evidence to demonstrate that he actually did exhaust. Further, the court disagrees with plaintiff's contentions that he is not obligated to exhaust. Plaintiff has failed to raise evidence of issues of fact. Therefore, defendants' motion for summary judgment (#66) is granted.

Plaintiff also filed a motion to strike (#68) and a motion for leave to supplement the motion to strike (#69). Given the foregoing discussion, both of these motions are denied.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff failed to exhaust his administrative remedies prior to filing his complaint. As such, the court recommends that defendants' motion for summary judgment (#66) be **GRANTED**. Further, the court recommends that plaintiff's motion to strike/dismiss motion for summary judgment with request for contempt charges (#68), motion for leave to supplement motion to strike w/opposition for extension of time to produce discovery (#69) and motion for leave and motion supplementing reply to defendants' motion for summary judgment (#73) be **DENIED**, and plaintiff's motion to strike court docket #73 (#74) be **GRANTED**.

The parties are advised:

1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.   This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's

judgment.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion for summary judgment (#66) be **GRANTED**. Further, the court recommends that plaintiff's motion to strike/dismiss motion for summary judgment with request for contempt charges (#68), motion for leave to supplement motion to strike w/opposition for extension of time to produce discovery (#69) and motion for leave and motion supplementing reply to defendants' motion for summary judgment (#73) be **DENIED**, and plaintiff's motion to strike court docket #73 (#74) be **GRANTED**.

DATED: January 29, 2009.

_____
**UNITED STATES MAGISTRATE JUDGE**